PROSKAUER ROSE LLP
Kathleen M. McKenna
Dylan S. Pollack
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Attorneys for Defendant ESPN Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RITA RAGONE,                                            :

                    Plaintiff,            :          Action No. 1:07-cv-06084 (JGK)

          v.                               :          **ANSWER**

ATLANTIC VIDEO at the Manhattan Center,    :          **ECF Case**
d/b/a MCA-AV, INC.; ESPN INC.; WOODY
PAIGE; JAY CRAWFORD; TED NELSON;           :
and, LORI BERLIN,
                                                       :
                   Defendants.
------------------------------------------------------------ X

Defendant ESPN Inc. ("ESPN") by and through its attorneys, Proskauer Rose LLP,

hereby answers the Complaint as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the Complaint, except admits that Plaintiff is a natural

person.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of the Complaint, except admits Defendant Atlantic Video

("Atlantic Video") offers film production services.

      3.     Denies the allegations contained in paragraph 3 of the Complaint, except admits

that ESPN is a cable television network that broadcasts sports-related programming, and admits

that for a period of time, ESPN contracted with Atlantic Video to provide services for the ESPN program "Cold Pizza."

4.    Denies the allegations contained in paragraph 4 of the Complaint, except admits that Defendant Woody Paige ("Paige") was an on-air contributor for the show Cold Pizza.

5.    Denies the allegations contained in paragraph 5 of the Complaint, except admits that Defendant Jay Crawford ("Crawford") was an on-air contributor for the show Cold Pizza.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.    Denies the allegations contained in paragraph 7 of the Complaint, except admits that Defendant Lori Berlin ("Berlin") is employed by ESPN.

8.    Denies the allegations contained in paragraph 8 of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court under the laws cited therein.

9.    Denies the allegations contained in paragraph 9 of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of this Court under the law cited therein.

10.    Denies the allegations contained in paragraph 10 of the Complaint, except admits that venue is proper in this Court.

11.    Denies the allegations contained in paragraph 11 of the Complaint, except admits, upon information and belief, that Plaintiff is a former employee of Atlantic Video.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Denies the allegations contained in paragraph 13 of the Complaint, except admits that Plaintiff was assigned by Atlantic Video to provide make-up services on the set of Cold Pizza.

14.    Denies the allegations contained in paragraph 14 of the Complaint, except admits that Cold Pizza was a morning television show that aired on ESPN2 until May 4, 2007, admits that Woody Paige, Jay Crawford, Dana Jacobson and Skip Bayless were on-air contributors for Cold Pizza, and admits that Cold Pizza was broadcast from a studio at the Manhattan Center in New York, New York.

15.    Denies the allegations contained in paragraph 15 of the Complaint.

16.    Denies the allegations contained in paragraph 16 of the Complaint, except admits that Plaintiff provided make-up services on the set of Cold Pizza.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, except admits Plaintiff was to render the make-up services requested by ESPN.

18.    Denies the allegations contained in paragraph 18 of the Complaint.

19.    Denies the allegations contained in paragraph 19 of the Complaint.

20.    Denies the allegations contained in paragraph 20 of the Complaint.

21.    Denies the allegations contained in paragraph 21 of the Complaint.

22.    Denies the allegations contained in paragraph 22 of the Complaint.

23.     Denies the allegations contained in paragraph 23 of the Complaint.

24.     Denies the allegations contained in paragraph 24 of the Complaint.

25.     Denies the allegations contained in paragraph 25 of the Complaint.

26.     Denies the allegations contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Denies the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     Denies the allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     Denies the allegations contained in paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 39 of the Complaint.

40.    Denies the allegations contained in paragraph 40 of the Complaint.

41.    Denies the allegations contained in paragraph 41 of the Complaint.

42.    Denies the allegations contained in paragraph 42 of the Complaint.

43.    Denies the allegations contained in paragraph 43 of the Complaint.

44.    Denies the allegations contained in paragraph 44 of the Complaint.

45.    Denies the allegations contained in paragraph 45 of the Complaint.

46.    Denies the allegations contained in paragraph 46 of the Complaint.

47.    Denies the allegations contained in paragraph 47 of the Complaint.

48.    Denies the allegations contained in paragraph 48 of the Complaint.

49.    Denies the allegations contained in paragraph 49 of the Complaint.

50.    Denies the allegations contained in paragraph 50 of the Complaint.

51.    Denies the allegations contained in paragraph 51 of the Complaint.

52.    Denies the allegations contained in paragraph 52 of the Complaint.

53.    Denies the allegations contained in paragraph 53 of the Complaint.

54.    Denies the allegations contained in paragraph 54 of the Complaint.

55.    Denies the allegations contained in paragraph 55 of the Complaint.

56.    Denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, except denies that Plaintiff worked in a "vulgar and obscene environment" and that Plaintiff was "confronted with . . . severe physical and verbal sexual harassment that was tolerated and condoned by her supervisors and managers" while working on the set of Cold Pizza.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, except denies that Plaintiff was subject to any "sexual harassment" while working on the set of Cold Pizza.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

66.     Denies the allegations contained in paragraph 66 of the Complaint, except admits that Crawford is friends with Mark Shapiro.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint, except denies that Paige had been suspended by ESPN for "a similar incident."

78.     Denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

80.     Denies the allegations contained in paragraph 80 of the Complaint.

81.     Denies the allegations contained in paragraph 81 of the Complaint.

82.     Denies the allegations contained in paragraph 82 of the Complaint.

83.     Denies the allegations contained in paragraph 83 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Plaintiff received compliments from Atlantic Video personnel.

84.     Denies the allegations contained in paragraph 84 of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Plaintiff received a write-up from Atlantic Video on March 10, 2006.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

86.     Denies the allegations contained in paragraph 86 of the Complaint.

87.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

91.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint.

92.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint.

94.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint, except admits that Plaintiff arrived at the Manhattan Center on the morning of Monday, April 10, 2007.

101.     Denies the allegations contained in paragraph 101 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the alleged conduct of security guards retained by Atlantic Video.

102.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint.

103.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106.     Denies the allegations contained in paragraph 106 of the Complaint.

107.     Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

## AS TO COUNT 1 – HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

109.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to paragraphs 1 through 108 of the Complaint.

110.    Denies the allegations contained in paragraph 110 of the Complaint.

111.    Denies the allegations contained in paragraph 111 of the Complaint.

112.    Denies the allegations contained in paragraph 112 of the Complaint.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

113(a-g). Denies the allegations in the WHEREFORE clause in Count I of the Complaint.

## AS TO COUNT II – RETALIATION IN VIOLATION OF TITLE VII

114.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to paragraphs 1 through 113 of the Complaint.

115.    Denies the allegations contained in paragraph 115 of the Complaint.

116.    Denies the allegations contained in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.    Denies the allegations contained in paragraph 118 of the Complaint.

118(a-g).  Denies the allegations in the WHEREFORE clause in Count II of the Complaint.

## AS TO COUNT III – RETALIATORY DISCHARGE IN VIOLATION OF TITLE VII

119.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to paragraphs 1 through 118 of the Complaint.

120.    Denies the allegations contained in paragraph 120 of the Complaint.

121.    Denies the allegations contained in paragraph 121 of the Complaint.

122.    Denies the allegations contained in paragraph 122 of the Complaint.

123.    Denies the allegations contained in paragraph 123 of the Complaint.

123(a-g).  Denies the allegations in the WHEREFORE clause in Count III of the Complaint.

## AS TO COUNT IV – HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

124.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to paragraphs 1 through 123 of the Complaint.

125.    Denies the allegations contained in paragraph 125 of the Complaint.

126.    Denies the allegations contained in paragraph 126 of the Complaint.

127.    Denies the allegations contained in paragraph 127 of the Complaint.

127(a-g).  Denies the allegations in the WHEREFORE clause in Count IV of the Complaint.

## AS TO COUNT V – RETALIATION IN VIOLATION
## OF NEW YORK STATE HUMAN RIGHTS LAW

128.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to paragraphs 1 through 127 of the Complaint.

129.    Denies the allegations contained in paragraph 129 of the Complaint.

130.    Denies the allegations contained in paragraph 130 of the Complaint.

131.    Denies the allegations contained in paragraph 131 of the Complaint.

132.    Denies the allegations contained in paragraph 132 of the Complaint.

132(a-g).  Denies the allegations in the WHEREFORE clause in Count V of the Complaint.

## AS TO COUNT VI – RETALIATORY DISCHARGE
## IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

133.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to paragraphs 1 through 132 of the Complaint.

134.    Denies the allegations contained in paragraph 134 of the Complaint.

135.    Denies the allegations contained in paragraph 135 of the Complaint.

136.    Denies the allegations contained in paragraph 136 of the Complaint.

13

137.    Denies the allegations contained in paragraph 137 of the Complaint.

137(a-g).  Denies the allegations in the WHEREFORE clause in Count VI of the

Complaint.

## AS TO COUNT VII – AIDER AND ABETTOR LIABILITY
## IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
## (AS TO DEFENDANTS PAIGE AND CRAWFORD)

138.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to

paragraphs 1 through 137 of the Complaint.

139.    Denies the allegations contained in paragraph 139 of the Complaint.

140.    Denies the allegations contained in paragraph 140 of the Complaint.

141.    Denies the allegations contained in paragraph 141 of the Complaint.

141(a-g).  Denies the allegations in the WHEREFORE clause in Count VII of the

Complaint.

## AS TO COUNT VIII – AIDER AND ABETTOR LIABILITY
## IN VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW
## (AS TO DEFENDANTS NELSON AND BERLIN)

142.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to

paragraphs 1 through 141 of the Complaint.

143.    Denies the allegations contained in paragraph 143 of the Complaint.

144.    Denies the allegations contained in paragraph 144 of the Complaint.

145.    Denies the allegations contained in paragraph 145 of the Complaint.

145(a-g).    Denies the allegations in the WHEREFORE clause in Count VIII of the Complaint.

### AS TO COUNT IX – HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

146.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to paragraphs 1 through 145 of the Complaint.

147.    Denies the allegations contained in paragraph 147 of the Complaint.

148.    Denies the allegations contained in paragraph 148 of the Complaint.

149.    Denies the allegations contained in paragraph 149 of the Complaint.

149(a-g).    Denies the allegations in the WHEREFORE clause in Count IX of the Complaint.

### AS TO COUNT X – RETALIATION IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

150.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to paragraphs 1 through 149 of the Complaint.

151.    Denies the allegations contained in paragraph 151 of the Complaint.

152.    Denies the allegations contained in paragraph 152 of the Complaint.

153.    Denies the allegations contained in paragraph 153 of the Complaint.

154.    Denies the allegations contained in paragraph 154 of the Complaint.

154(a-g).  Denies the allegations in the WHEREFORE clause in Count X of the Complaint.

## AS TO COUNT XI – RETALIATORY DISCHARGE IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

155.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to paragraphs 1 through 154 of the Complaint.

156.    Denies the allegations contained in paragraph 156 of the Complaint.

157.    Denies the allegations contained in paragraph 157 of the Complaint.

158.    Denies the allegations contained in paragraph 158 of the Complaint.

159.    Denies the allegations contained in paragraph 159 of the Complaint.

159(a-g).  Denies the allegations in the WHEREFORE clause in Count XI of the Complaint.

## AS TO COUNT XII – AIDER AND ABETTOR LIABILITY IN VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

160.    ESPN repeats and makes part hereof, as if set forth fully at length, its answers to paragraphs 1 through 159 of the Complaint.

161.    Denies the allegations contained in paragraph 161 of the Complaint.

162.    Denies the allegations contained in paragraph 162 of the Complaint.

163.    Denies the allegations contained in paragraph 163 of the Complaint.

163(a-g).   Denies the allegations in the WHEREFORE clause in Count XI of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

164.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

165.    The actions by ESPN with respect to Plaintiff were taken in good faith for legitimate, non-discriminatory, non-retaliatory reasons and/or for good cause.

## THIRD AFFIRMATIVE DEFENSE

166.    The Complaint is barred because ESPN was not the employer of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

167.    To the extent any employment decisions with respect to Plaintiff were motivated in part by unlawful reasons, which ESPN expressly denies, such employment decisions would have been made for lawful, non-retaliatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

168.    If Plaintiff has suffered damages, which ESPN expressly denies, upon information and belief, Plaintiff has failed to take reasonable and diligent efforts to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

169.    To the extent Plaintiff suffered any damages as alleged, such damages were caused or contributed to by Plaintiff's own actions.

## SEVENTH AFFIRMATIVE DEFENSE

170.    ESPN's liability and damages, if any, should be mitigated by virtue of the factors set forth in Sections 8-107(13)(d) and (e) and 8-126(b) of the Administrative Code of the City of New York.

## EIGHTH AFFIRMATIVE DEFENSE

171.    At all times relevant herein, including prior to the alleged discriminatory and retaliatory acts referred to in the Complaint, ESPN had established and complied with policies, programs, and procedures for the detection, prevention and remediation of unlawful discriminatory practices by employees, agents and persons retained as independent contractors.

## NINTH AFFIRMATIVE DEFENSE

172.    All actions taken by ESPN toward Plaintiff were lawful and made in good faith compliance with applicable provisions of all federal, state and local laws, rules and regulations.

## TENTH AFFIRMATIVE DEFENSE

173.    At all times relevant hereto, including prior to the allegations that form the basis of Plaintiff's claims, ESPN exercised reasonable care to prevent and correct promptly any harassing behavior.  Plaintiff unreasonably failed to take advantage of the preventative and/or corrective opportunities provided by ESPN to avoid harm otherwise.

18

**ELEVENTH AFFIRMATIVE DEFENSE**

174.    Plaintiff is not entitled to recover punitive damages because at all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, ESPN engaged in good faith efforts to comply with the statutes underlying Plaintiff's claims.

**TWELFTH AFFIRMATIVE DEFENSE**

175.    Plaintiff's right to recover punitive damages is further barred because ESPN's conduct did not rise to the required level of culpability to justify an award of such.

**THIRTEENTH AFFIRMATIVE DEFENSE**

176.    To the extent that Plaintiff seeks to recover damages from ESPN for personal injuries, emotional distress and/or mental anguish incurred in the course of or arising out of her employment with ESPN and/or Atlantic Video, such recovery is barred by the exclusive remedy provisions of the relevant workers' compensation statutes.

**FOURTEENTH AFFIRMATIVE DEFENSE**

177.    The Complaint is barred, in whole or in part, by the applicable statute of limitations, filing periods, and/or laches, including, but not limited to, the one year statute of limitations contained in Section 8-109(e) of the Administrative Code of the City of New York.

**FIFTEENTH AFFIRMATIVE DEFENSE**

178.    The Complaint is barred, in whole or in part, by virtue of Plaintiff's failure to exhaust administrative remedies.

## SIXTEENTH AFFIRMATIVE DEFENSE

179.    The Complaint is barred, in whole or in part, by virtue of Plaintiff's agreement to arbitrate any and all claims or controversies arising out of her employment or its termination with Atlantic Video.

Dated: New York, New York
            September 28, 2007

                                        PROSKAUER ROSE LLP


                                        By:    s/ Kathleen M. McKenna
                                                Kathleen M. McKenna
                                                Dylan S. Pollack
                                        1585 Broadway
                                        New York, New York 10036
                                        (212) 969-3000
                                        *Attorneys for Defendant*
                                        *ESPN Inc.*