Bonner Kiernan Trebach & Crociata, LLP
Empire State Building
Suite 3304
New York, NY 10118
Counsel for Defendant, Atlantic Video, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITA RAGONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 07:CV:6084 |
| ATLANTIC VIDEO, INC., improperly | ) |
| identified as "Atlantic Video at the | ) |
| Manhattan Center, d/b/a MCP-AV, Inc.", | ) |
| ESPN, INC., WOODY PAIGE, | ) |
| JAY CRAWFORD, | ) |
| TED NELSON and LORI BERLIN, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF ADAM CALLI

CITY OF WASHINGTON   )
                     ) ss
DISTRICT OF COLUMBIA )

I, Adam Calli, am over the age of 18 years, and, being duly sworn, hereby depose and state that the statements set forth below are true and correct and based upon my personal knowledge:

1. I am employed by Atlantic Video, Inc. ("AVI"), 650 Massachusetts Avenue, NW, Washington, D. C., as the Director of Human Resources.

2. Among other business initiatives, AVI broadcasts television programs throughout the United States.

EXHIBIT 1

3. In my capacity as Director of Human Resources, I am responsible for oversight of the development and maintenance of personnel documents and files relating to AVI employees, including but not limited to arbitration agreements entered into between AVI and its employees.

4. I reviewed the personnel file for Rita Ragone ("Ms. Ragone"), and I located an Arbitration Agreement between Ms. Ragone and AVI in her personnel file. Attached hereto as Exhibit A is a true and accurate copy of that Arbitration Agreement entered into between Ms. Ragone and AVI.

I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Adam Calli

Subscribed and sworn to before me this

28th day of September, 2007.

Notary Public _____

My commission expires: Feb 28, 2011

[SEAL]

ATLANTIC VIDEO INC

## Atlantic Video, Inc.
### Arbitration Agreement

In consideration and as a condition of my employment or continued employment at MCP – AV, Inc. (the "Company"), I, _____, the undersigned, understand, acknowledge, and agree to the following provisions pertaining to the Company's dispute resolution procedure (the "Procedure"). I further understand, agree, and acknowledge that these provisions shall apply from my first date of hire and shall include every day thereafter in which I have worked for the Company and continue after my separation from the Company, should a dispute arise related to my employment relationship with the Company.

1. I shall submit to the American Arbitration Association ("AAA") for final and binding arbitration by one arbitrator under the AAA's Employment Arbitration Rules (as modified), any and all claims or controversies arising out of my employment or its termination including, but not limited to, claims concerning discipline and discharge; claims for breach of any contract or covenant, whether express or implied; tort claims; claims for discrimination (including, but not limited to, race, color, sex, sexual orientation or preference, religion, national origin, age, marital status); claims of sexual harassment; and claims for violation of any federal, state, or local government law, statute, regulation, and/or ordinance. The foregoing claims are hereinafter collectively referred to as ("Claims").
2. I understand and agree that statutory disputes shall be resolved in accordance with AAA's *Due Process Protocol for Arbitration of Statutory Disputes Arising Out of the Employment Relationship*. These procedures assure procedural fairness. I also understand that I may inquire into the employment history of the arbitrator to assure that he or she is not biased and that I have the right to discovery procedures that are sufficient to permit either party a fair opportunity to present their claims. I further understand, acknowledge, and agree that this Agreement shall be construed and enforced in accordance with the laws of the State of New York, without regard to principles of conflicts of law. I understand, acknowledge, and agree that sole and exclusive jurisdiction and venue of any action arising hereunder shall be in the AAA and any ruling made by AAA or the Arbitrator shall be binding and non-appealable.
3. I understand and agree that the Procedure neither covers, nor prohibits from being raised in other judicial forums, claims that I may have for Workers' Compensation and/or unemployment compensation benefits, and/or that the Company may have for injunctive relief for unfair trade practices and/or disclosure of confidential Company information or trade secrets. Moreover, I understand that I am not prohibited from filing a charge with a federal or state agency that regulates employment practices, such as the Equal Employment Opportunity Commission.
4. I understand, acknowledge, and agree that I must submit my written arbitration demand to AAA at its New York offices no later than ninety (90) calendar days after my claim arises or it will be conclusively resolved against me even if there is a statute of limitations that may have given me more time.
5. I understand, acknowledge, and agree that this Procedure bars litigation in any court for any claim that may be arbitrated under the Procedure. I knowingly waive any and all rights to trial by jury or judge of any claim either expressly or impliedly referenced in this Agreement.
6. In the event that any court determines for any reason that the Procedure is not binding or otherwise allows any litigation regarding a claim or portion thereof covered by the Procedure to go forward, I agree that (a) the court proceeding must be commenced no later than six (6) months after the earlier of the termination of my employment at the Company or the date that my claim arose; (b) I expressly waive all rights to a trial by jury in any such litigation; and (c) I understand, acknowledge, and agree that any and all discovery engaged in by the parties to the court proceeding shall be limited to one deposition and one set of thirty-five (35) interrogatories with no sub-parts.
7. In the event that any provision of this Agreement, or the application of such provision shall be held by a court of competent jurisdiction to be contrary to law, the remaining provisions of the Agreement shall remain in full force and effect. If any provisions regarding discovery or the time to make a demand for arbitration of claims either expressly or impliedly is deemed unenforceable, then such provision shall be modified automatically such that it comports with the applicable federal and/or New York law.
8. This Agreement sets forth the final and entire agreement between employee and the Company with respect to the Company's dispute resolution and arbitration procedure, and no representation, promise, agreements, or understanding, written or oral, not herein contained shall be of any force or effect. No change, modification, or waiver of any provision of this Agreement, except as specifically allowed for herein shall be valid unless the same is in writing and signed by the parties hereto.
9. I understand, acknowledge, and agree that in the event that I initiate arbitration hereunder, and/or challenge the validity of this Agreement, the prevailing party shall be entitled to all reasonable costs and outside and in-house attorney's fees arising from said action.

I have had an opportunity to read, and have read the foregoing provisions to this Agreement and have had an opportunity to get satisfactory answers to my questions about any of the foregoing information.

_____    Date 2-22-05
Employee's Signature

Employee's Name (Typed or Printed) Rita Ragone

EXHIBIT A