**ZATUCHNI & ASSOCIATES LLC**
David Zatuchni, Esq. (2516)
1 West Street
Suite 100
New York, NY 10004
Phone: (212) 785-8980
Counsel for Plaintiff, Rita Ragone

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RITA RAGONE**, | Civil Action No.: 07:CV:6084 |
| Plaintiff, | |
| v. | |
| **ATLANTIC VIDEO** at the Manhattan Center, d/b/a **MCP-AV, INC.**; **ESPN INC.**; **WOODY PAIGE**; **JAY CRAWFORD**; **TED NELSON**; and, **LORI BERLIN**, | **AFFIDAVIT OF RITA RAGONE** |
| Defendants. | |

I, Rita Ragone, being of fully age, hereby attest as follows:

1. I am the plaintiff in the above matter.

2. I became employed with the Defendant Atlantic Video, Inc. as a make up artist working on the ESPN show "Cold Pizza" in or about February 2005.

3. I have a high school Degree, but I do _not_ have any college or higher education degrees. I have no experience in business or human resources.

4. Prior to becoming employed with Atlantic Video, I was providing make-up artist services on a free-lance basis. I did not have full time gainful employment at the time, and I desperately needed a permanent position.

5. I learned of the opportunity at Atlantic Video through a friend and applied.

6. Atlantic Video brought me in to its production facility to audition my make-up artist skills. I was told they would get in touch with me.

7. Atlantic Video then brought me in for a second audition. At the conclusion of this second session, I was instructed to meet with manager Ted Nelson at the corporate offices.

8. I went to Mr. Nelson's office and was told that I would be starting next week but that I had to sign some documents that were placed in front of me. I was told to sign them right then and there if I wanted to be hired and begin work.

9. I was not given any opportunity whatsoever to take the documents home with me and review them carefully before signing them. I was not told that I should have the documents reviewed by an attorney and was not given any opportunity to have them reviewed by an attorney prior to signing them.

10. No one told me what was the purpose or contents of the documents placed before me to sign were, and nobody explained or described any of terms in the documents that I was instructed to sign.

11. There was absolutely no opportunity to discuss or negotiate any of the documents that I was instructed to sign. They were simply placed before me, I was told to sign them immediately so that I could be hired and start my job duties. It was obvious and clear from Mr. Nelson that the documents placed before me were given to me on "take it or leave it basis" and that I had to sign them right then immediately in order to be hired.

12. I quickly leafed through the documents placed before me as Mr. Nelson was standing right there waiting impatiently for me to sign them. I did not have the opportunity to read any of the documents placed before me carefully and did not really understand any of the terms of the documents. I was not given any of the documents to take home with me.

13. I have reviewed the Arbitration Agreement that Mr. Calli says he found in my personnel file, but I do not believe that I ever signed this document. The only document that I do recall being placed before me was an employment contract. I believe that signature on the purported arbitration agreement document is either a forgery or was transposed.

14. Atlantic Video has <u>not</u> produced or made available the purported original of the Arbitration Agreement and I have had no opportunity to have any such purported original reviewed or analyzed by a handwriting expert.

15. Further, there are several important aspects of the document that, just by looking at it, lead me to believe that I did <u>not</u> sign the Arbitration Agreement.

16. First, the printed portion of my name does not look like my handwriting at all. I print my name in an entirely different fashion.

17. Second, it is clear from the face of the document that it was <u>not</u> a finalized document at all, but some type of transitional <u>draft</u> of an agreement. The Arbitration Agreement very clearly has computer <u>edits</u> on it in the upper right hand corner that show it was in the process of being edited and modified. I would have definitely noticed and recalled if I have been given a draft, non-finalized document to sign that still had computer edits on it, and I am sure that I did not do so. I would at the very least have pointed it out to Atlantic Video that they had mistakenly given me an edited draft.