Bonner Kiernan Trebach & Crociata, LLP
Empire State Building
Suite 3304
New York, NY 10118
Counsel for Defendant, Atlantic Video, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RITA RAGONE,<br>    Plaintiff,<br><br>v.<br><br>ATLANTIC VIDEO, INC. improperly<br>identified as "Atlantic Video at the<br>Manhattan Center, d/b/a MCP-AV, Inc.",<br>*et al.*,<br>    Defendants. | CIVIL ACTION NO.: 07-CV-6084 |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ATLANTIC VIDEO, INC.'S MOTION TO DISMISS PLANTIFF'S COMPLAINT AND TO COMPEL ARBITRATION

Defendant Atlantic Video Inc. ("AVI"), incorrectly pleaded as "Atlantic Video at the Manhattan Center, d/b/a MCP-AV, Inc.", submits this brief in reply to Plaintiff's opposition to its Motion to Dismiss the Complaint and Compel Arbitration.

### I. PRELIMINARY STATEMENT

Plaintiff's opposition presents a variety of arguments that seek to excuse her from performing pursuant to her arbitration agreement with AVI (the "Arbitration Agreement"). Notwithstanding those arguments, for the reasons set forth below, the Arbitration Agreement is enforceable, Plaintiff's Complaint should be dismissed, and she should be compelled to arbitrate any/all of her claims without further litigation before this Court.

II. ARGUMENT

**Plaintiff's Arbitration Agreement Should Be Enforced**

In her Opposition, Plaintiff argues that her Arbitration Agreement with AVI is unenforceable because: (1) it is unconscionable; or (2) it may not be genuine. As explained and demonstrated below, both arguments must be rejected under the law in this jurisdiction. Regarding Plaintiff's first argument, "[a]n employee must hurdle a high bar to establish the unconscionability of an arbitration agreement..." *Baldeo v. Darden Resaurants, Inc.*, 2005 U.S. Dist. LEXIS 289, at *18 (E.D.N.Y. Jan. 11, 2005). Under New York law, "[a] determination of unconscionability generally requires a showing that the contract was both procedurally *and* substantively unconscionable when made – *i.e.,* some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Gillman v. Chase Manhattan Bank*, 73 N.Y.2d 1, 10 (1988) (emphasis added); *see also, Anonymous v. JP Morgan Chase & Co.*, 2005 U.S. Dist. LEXIS 26083, at *16 (S.D.N.Y. Oct. 31, 2005) (Koeltl, J.). Because Plaintiff is unable to show that the Arbitration Agreement is procedurally or substantively unconscionable, it must be enforced.

A. **The Arbitration Agreement Is Not Procedurally Unconscionable**

To determine whether there is procedural unconscionability, New York courts examine whether a party lacked meaningful choice in entering into the contract at issue. *Moss v. Rent-A-Center, Inc.*, 2007 U.S. Dist. LEXIS 60011 (E.D.N.Y. Aug. 15, 2007). In making the determination, courts focus on evidence of high pressure or deceptive tactics, the use of fine print in the contract, as well as disparity in bargaining power between the parties. *Id.; Gillman*, 73 N.Y.2d at 10-11. As observed by the Second Circuit, however, "[m]ere inequality in bargaining power between employers and employees is not alone sufficient to hold arbitration agreements

2

unenforceable." *Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144 (2d Cir. 2004); *see also, Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32-33 (rejecting claim that "there will often be unequal bargaining power between employers and employees" as a basis for finding arbitration agreement covering employment claims unenforceable). Rather, a finding of unconscionability requires an examination "all the facts and circumstances of a particular case." *Moss*, 2007 U.S. Dist. LEXIS 60011, at *13.

Plaintiff asserts that the Arbitration Agreement is procedurally unconscionable due to her education, lack of representation and the presentation of the agreement on a "take it or leave it basis" as a condition of obtaining employment. (Pl. Br. at 37-38) Similar claims have been rejected in New York. For example, in *Moss*, two employment discrimination plaintiffs claimed that their arbitration agreement was procedurally unconscionable because "they were threatened with loss of their jobs if they failed to sign the arbitration agreement, . . .they were not given time to consult an attorney regarding the arbitration agreement, and . . . they subsequently signed the arbitration agreement without reading or understanding it." *Moss*, 2007 U.S. Dist. LEXIS 60011, at *14.

In rejecting those claims (which the court accepted as true), the court observed that both plaintiffs signed the agreement "in which they acknowledged that they read and understood the agreement . . . . If Plaintiffs did not understand the form of the arbitration agreement or had questions about it, the burden was upon them to have their concerns addressed before placing their signatures on the agreement." *Id.*, citing *Baldeo*, 2005 U.S. Dist. LEXIS 289. The same reasoning applies here, where Plaintiff signed an agreement stating that she "[has] had an opportunity to read, and [has] read the foregoing agreement provisions to this agreement and [has] had an opportunity to get satisfactory answers to my questions about any of the foregoing

information." (See, Motion to Dismiss, Ex. 1 - Ex. A, and Ex. 2 - Ex. A attached hereto) *See Maye v. Smith Barney, Inc.*, 897 F. Supp. 100, 108 (S.D.N.Y. 1995) ("Giving the required healthy regard to the strong federal policy favoring arbitration, an argument such as the one made by Plaintiffs that one did not have the time to read an agreement before signing it must fail or else almost every arbitration agreement would be subject to an effective court challenge").

The two cases cited by Plaintiff to support her claim of procedural unconscionability are inapposite here. First, in *Brennan v. Bally Total Fitness*, 198 F. Supp. 2d 377 (S.D.N.Y. 2002), a case that was also relied upon by the plaintiffs in *Moss*, plaintiff was asked to sign an arbitration agreement only *after* she commenced a discrimination action against the employer. *Id.* at 380. In *Brennan*, there was evidence that the employer used high pressure tactics to compel the plaintiff to sign the agreement. *Id.* at 383 (emphasizing that the employer gave the plaintiff "no more than fifteen minutes to review a sixteen-page single-spaced document and did not explain how the agreement would affect pending claims). Here, there is no evidence of high pressure tactics, Plaintiff executed the one-page Arbitration Agreement *before* she was hired, and she filed the instant dispute long after her hire. Thus, Plaintiff's reliance on *Brennan* is wholly misplaced. *See Valdez v. Swift Transport. Co., Inc.*, 292 F. Supp. 2d 524, 533 (S.D.N.Y. Nov. 25, 2003) (no procedural unconscionability where plaintiff failed to allege any coercive tactics and observing that "to the extent that the coercion in *Brennan* arose from the employee's fear of losing her job, plaintiff in this case was not similarly situated, as she had not yet been hired"); *Stewart v. Paul, Hastings, Janofsky & Walker, LLP*, 201 F. Supp. 2d 291 (S.D.N.Y. 2002) ("[*Brennan*] is distinguishable in view of the facts that the agreement in that case was forced upon the plaintiff after the dispute arose rather than prior to the acceptance of the employment and was obtained in manifestly unfair circumstances").

Contrary to applicable New York caselaw concerning procedural unconscionability, Plaintiff next argues that she executed the Arbitration Agreement because she "needed a permanent job" and she relies upon a California state court case for the proposition that procedural unconscionability will be found "where [an] arbitration agreement is 'imposed on employees as a condition of employment.'" (Pl. Br. at 38, citing *Armendariz v. Foundation Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)) The courts of this Circuit, however, have expressly rejected that claim. *See, e.g., Williams v. Parkell Prods.*, 91 Fed. Appx. 707 (2d Cir. 2003) (holding that "conditioning employment on the acceptance of an agreement to arbitrate disputes . . . is not itself unlawfully coercive"); *Ciago v. Amieriquest Mortgage Co.*, 295 F. Supp. 2d 324, 329 (S.D.N.Y. Dec. 15, 2003) ("The mere fact that an agreement to arbitrate was required as a condition of employment . . . is insufficient to invalidate the provision"); *see also, Sablosky v. Edward S. Gordon Co., Inc.*, 73 N.Y.2d 133, 139 (1989) ("An employer, who may hire hundreds of employees, should be able to protect itself from the delays and costs of extensive litigation by including as a condition of employment an agreement by the employee to arbitrate claims rather than litigate them"). Based on the record before this Court, Plaintiff simply cannot show that the Arbitration Agreement is procedurally unconscionable. On that basis alone, Plaintiff's Complaint should be dismissed and her claims must be arbitrated.

**B.    The Arbitration Agreement Is Not Substantively Unconscionable**

Plaintiff also cannot show that the Arbitration Agreement is substantively unconscionabile. "Substantive unconscionability appears in the context of a contract *per se*. It entails an analysis of the substance of the bargain to determine whether the terms are unreasonably favorable to the party against whom the unconscionability is urged." *Valdes*, 292 F. Supp. at 533, citing *Gillman*, 537 N.Y.S.2d at 792; *Matter of Friedman*, 64 A.D.2d 70 (2d

Dep't 1978). Plaintiff, relying almost exclusively on cases decided in other Circuits and other states, argues that the Arbitration Agreement is substantively unconscionable because it shortens the applicable statute of limitations period to 90-days; includes a fee shifting provision; renders the arbitrator's decision non-appealable; and limits the time in which she may file an action in Court and the permitted discovery in any such action. The governing case law is clear, however, that none of Plaintiff's arguments justify a finding of substantive unconscionability here.[1]

As recently as last year, a court in *this* District rejected a plaintiff's claim that a shortened statute of limitations rendered an arbitration agreement substantively unconscionable. *Bar-Ayal v. Time Warner Cable, Inc.*, 2006 U.S. Dist. LEXIS 75972 at *58 (S.D.N.Y. Oct. 16, 2006), at *60 (holding that arbitration agreement replacing a three to six year statutory period with a one-year limit not substantively unconscionable).[2] Additionally, notwithstanding Plaintiff's recitation of the grounds under which an arbitration *award* may be vacated under federal law, her Opposition is devoid of any case (within this Circuit or otherwise) in which an arbitration agreement was deemed unconscionable because it provided that the arbitrator's decision "shall be binding and non-appealable." (Pl. Br. at 30-33) Indeed, the courts of *this* Circuit have consistently found that similar language in arbitration agreements does not run afoul of the law.

---

[1] Should the Court nonetheless find any of the foregoing terms of the Arbitration Agreement substantively unconscionable, said term(s) may be waived by Defendant and/or severed or modified by the Court to allow Plaintiff's claims to be resolved through arbitration as agreed upon by Plaintiff and Defendant. The Arbitration Agreement includes a severability and savings clause that expressly provides: "[i]n the event that any provision of this Agreement, or the application of such provision shall be held by a court of competent jurisdiction to be contrary to law, the remaining provisions of the Agreement shall remain in full force and effect. If any provisions regarding discovery or the time to make a demand for arbitration of claims either expressly or impliedly is deemed unenforceable, the such provision shall be modified automatically such that it comports with the applicable federal and/or New York law." (See Ex. 2 – Ex. A - Arbitration Agreement, ¶ 7).

[2] Plaintiff's exclusive reliance on a string of cases decided from other Circuits and states is therefore unavailing. (Pl. Br. at 19-20, citing, among others, *Parilla v. IAP Worldwide Servs. VI, Inc.*, 368 F.3d 269 (3d Cir. 2004) (involving a 30-day limitation and interpreting Virgin Islands law); *Alexander Int'l, L.P. v. Anthony Int'l, L.P.*, 341 F.3d 256 (3d Cir. 2003) (same); *Circuit City Stores, Inc., v. Adams*, 279 F.3d 889 (9th Cir. 2002) (interpreting California law).

181886-1

*See Spier v. Calzaturificio Tecnica*, 77 F. Supp. 2d 405 (S.D.N.Y. 1999) (finding that the terms "final and binding" do not "nullify statutory grounds for vacating awards, or, by necessary extension, the losing party's right to invoke such grounds"), citing *Iran Aircraft Industries v. Avco Corp.*, 980 F.2d 141, 145 (2d Cir. 1992) ("The terms 'final' and 'binding' merely reflect a contractual intent that the issues joined and resolved in the arbitration may not be tried *de novo* in any court").[3]

Plaintiff's claims challenging the time limitation for commencing arbitration and the discovery to be conducted in any court proceeding concerning claims under the Arbitration Agreement are also without merit. As discussed above, agreed-to limitations periods shorter than provided by statute are not substantively unconscionable, and Plaintiff cites no case to the contrary. *See, Bar-Ayal*, 2006 U.S. Dist. LEXIS 75972, at *58 (Pl. Br. at 33-34). Regarding the Arbitration Agreement's limitation on discovery by *both* parties to "one deposition and one set of 35 interrogatories" in any court proceeding involving claims under the Agreement, Plaintiff again cites no case from *this* Circuit or state to even suggest that such an agreed-to limitation is substantively unconscionable. (See Pl. Br. at 35). Indeed, the relevant case law governing limitations on discovery in the arbitral forum demonstrates just the opposite.[4] *See, e.g., Bar-Ayal*, 2006 U.S. Dist. LEXIS 75972, at *56 (rejecting claim that arbitration provision

---

[3] The Arbitration Agreement provides that a decision rendered thereunder is "non-appealable" does not in any way deprive Plaintiff of her ability to vacate an arbitration award if grounds for that remedy exist. As explained by the court in *McDaniel v. Bear Stearns & Co.*, "a motion to vacate is *not* an appeal; federal courts are not supposed to superintend arbitration proceedings. . . . [D]istrict courts *do not hear appeals* from decisions of arbitration panels which, by definition, are final and binding." 196 F. Supp. 2d 343 (S.D.N.Y. 2002) (emphasis added). Thus, Plaintiff's claim that the Arbitration Agreement "expressly and purposefully [thwarts] any judicial review of the arbitration proceeding" because it states that decisions rendered thereunder are "non-appealable" misconstrues applicable law and must be rejected.

[4] It is also well-settled that by written agreement, parties may expressly waive their right to trial by jury. *See, Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171 (2d Cir 2007); *Gunn v. Palmieri*, 187 A.D.2d 485, 589 N.Y.S.2d 577 (2d Dep't 1992).

7

"eliminate[ing] pre-hearing discovery" was substantively unconscionable); *Stewart*, 201 F. Supp. 2d at 292 ("The suggestion that an arbitration clause is unconscionable because discovery either is unavailable or more limited in arbitration than in litigation is preposterous" particularly where "the clause permits a deposition on each side as a matter of right").

Similar to her other arguments, Plaintiff's claim that the fee-shifting provision in the Arbitration Agreement renders it substantively unconscionable has also been rejected in this District. In *Rajjak v. McFrank and Williams*, 2001 U.S. Dist. LEXIS 9764 (S.D.N.Y. July 13, 2001), an employment-discrimination plaintiff claimed that an arbitration agreement requiring him to pay attorney's fees in "any action or proceeding brought by [him] with respect to which the Company prevails" was unenforceable. In rejecting that claim and compelling arbitration, the court observed that "[t]he fees provision in the Agreement between plaintiff and [the employer] does not affect [plaintiff's] right to collect his attorney's fees . . . if he prevails in the arbitration, and thus to that extent, the provision is consistent with Title VII." *Id.* at *15-16.[5] Indeed, the Second Circuit has previously upheld an arbitration award assessing fees against an unsuccessful plaintiff in a discrimination case. *See, Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144 (2d Cir. 2004).

The court in *Rajjak* thus concluded that "the only instance where the Agreement *might* be unenforceable because it contradicts the standard for prevailing defendants established in *Christianburg* is *if* [the employer] prevails at arbitration, but [the plaintiff's] claims are found not to be frivolous, unreasonable, or without foundation." *Id.* at *17 (emphasis added). Given that

---

[5] The *Rajjak* court also found the fee-shifting provision enforceable and consistent with Title VII to the extent it permitted an employer to recover attorney's fees if it prevailed and plaintiff's claims were determined to be frivolous, unreasonable, or without foundation. *Id.*, at *16, quoting *Christianburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

8

such events had not occurred and might never occur, the court held that "the time to address that potential problem is not now." *Id.* at *17 (emphasis added), citing 42 U.S.C. § 2000e-5(k). The same reasoning applies here - the Arbitration Agreement does not affect Plaintiff's right to collect attorney's fees if she prevails,[6] and the only instance where it might be unenforceable is if Defendants prevail *and* Plaintiff's claims are found to be frivolous, unreasonable, or without foundation. As explained in *Rajjak*, that scenario is not now facing this Court and it is simply too early to make that determination. *See also, Mildworm v. Ashcroft*, 200 F. Supp. 2d 171 (E.D.N.Y. 2002) (granting employer's motion to compel arbitration where court was unable to determine "how large the costs of arbitration will be, how much of the costs [the plaintiff] be required to pay, and whether he can effectively vindicate his statutory rights"); *Arakawa v. Japan Network Group*, 56 F. Supp. 2d 349, 355 (S.D.N.Y. 1999) (rejecting plaintiff's argument that fee splitting rendered arbitration agreement void where it was not clear how large fees would be or whether plaintiff would be required to pay any portion of them).

### C. The Arbitration Agreement Is A Genuine Document

Finally, Plaintiff's questioning the genuineness of the Arbitration Agreement is insufficient to defeat its enforcement. Section 4 of the Federal Arbitration Act provides that "[i]f the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. However, the Second Circuit has made clear that "[a] party resisting arbitration on the ground that no agreement to arbitrate exists must submit sufficient evidentiary facts in support of this claim in order to precipitate the trial contemplated by 9 U.S.C. § 4." *Manning v. Energy Conversion Devices, Inc.*, 833 F.2d 1096, 1103 (2d Cir. 1987). Here,

---

[6] For this reason, Plaintiff's reliance on *DeGaetano v. Smith Barney, Inc.*, is misplaced. 983 F. Supp. 459 (S.D.N.Y. 1997) (holding that arbitration policy was void as against public policy to the extent it prevented the prevailing plaintiff from obtaining an award of attorney's fees in employment discrimination cases).

9

Plaintiff's mere claims that she "does not believe" she ever signed the document"; "believe[s]" that the signature on it *may* be "forgery or was transposed"; and that the "printed portion of [her] name does not look like [her] handwriting at all" fall far short of meeting this standard. Indeed, Plaintiff cites no case where an arbitration agreement was not enforced under such facts. (See Pl. Br. at 41-42, citing *Cavendish Traders, Ltd. v. Nice Skate Shoes, Ltd.*, 117 F. Supp. 2d 394 (S.D.N.Y. 2000) (determining validity of promissory notes under New York's Uniform Commercial Code).

Assuming *arguendo* that Plaintiff's uncertainty about the genuineness of the Arbitration Agreement presents any concern for this Court, those concerns should be resolved based upon the Affidavit of Edward R. "Ted" Nelson. (See Exhibit 2). As affirmed by Mr. Nelson, he personally observed Plaintiff execute the Arbitration Agreement and other personnel documents at the time of her hiring. (See Exhibit 2 – Exhibit A, ¶ 4). Mr. Nelson also attests to the truth and accuracy of the copy of the Arbitration Agreement with regard to the original Arbitration Agreement questioned by Plaintiff. (See Exhibit 2 – Exhibit A, ¶¶ 3, 6).[7] Given those reasons and the Plaintiff's vague assertions on that issue, her challenge of the genuineness of the Arbitration Agreement should be rejected.

## III.   CONCLUSION

For the reasons set forth above and based on the entire record in this matter, Plaintiff's Complaint should be dismissed and she should be compelled to arbitrate any/all of her claims that are the subject of this action.

---

[7] Mr. Nelson's Affidavit also demonstrates that Plaintiff's execution of the Arbitration Agreement was not coerced or otherwise the result of high pressure or deceptive practices. (See Exhibit 2 – Exhibit A, ¶¶ 3.a - i).

181886-1

DATED: November 12, 2007.

                              Respectfully submitted,

                              ATLANTIC VIDEO, INC.

                              By Counsel

                              _____
                              Lynda Liebhauser [LL-1447]
                              Empire State Building
                              Suite 3304
                              New York, NY 10118
                              (212) 268-7535
                              (212) 268-4965 (Facsimile)