**Bonner Kiernan Trebach & Crociata, LLP**
**Empire State Building**
**Suite 3304**
**New York, NY 10118**
**Counsel for Defendant, Atlantic Video, Inc.**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **RITA RAGONE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No.: 07:CV:6084** |
| **ATLANTIC VIDEO, INC., improperly identified as "Atlantic Video at the Manhattan Center, d/b/a MCP-AV, Inc.", ESPN, INC., WOODY PAIGE, JAY CRAWFORD, TED NELSON and LORI BERLIN,** | ) | |
| **Defendants.** | ) | |

**AFFIDAVIT OF EDWARD R. "TED" NELSON**

CITY OF WASHINGTON )
) ss
DISTRICT OF COLUMBIA )

I, Edward R. "Ted" Nelson, am over the age of 18 years, and, being duly sworn, hereby depose and state that the statements set forth below are true and correct and based upon my personal knowledge:

1. On or about February 22, 2005, I was employed as General Manager at Atlantic Video at the Manhattan Center, 305 West 34th Street, New York, New York.

2. I was personally involved in hiring process for Rita Ragone ("Ms. Ragone") as a Make Up Artist at Atlantic Video at the Manhattan Center.

EXHIBIT 2

181658-1

3. During the hiring process for Ms. Ragone, on February 22, 2005, I personally met with Ms. Ragone and presented her with personnel documents, including but not limited to her Arbitration Agreement attached hereto as part of Exhibit A, and also the following documents included as part of Exhibit A: (a) IRS Form W-9; (b) Background Investigation Consent Form; (c) Payroll Maintenance Form; and (d) Offer Letter. True and accurate copies of the Arbitration Agreement and each of the foregoing documents are attached hereto as Exhibit A.[1]

a. Ms. Ragone did not ask any questions about the Arbitration Agreement before, during or after executing it.

b. Ms. Ragone did not inquire as to whether she could have more time to review or execute the Arbitration Agreement.

c. Ms. Ragone did not indicate that she needed or wanted more time to review or execute the Arbitration Agreement.

d. Ms. Ragone did not indicate that she was unable to understand any term or part of the Arbitration Agreement or the Arbitration Agreement as a whole.

e. Ms. Ragone did not indicate that she wanted an attorney or anyone else to review the Arbitration Agreement before she executed it.

f. Ms. Ragone did not attempt to negotiate or amend any term or part of the Arbitration Agreement or the Arbitration Agreement as a whole.

g. I did not tell Ms. Ragone that she needed to hurry or rush through her review or execution of the Arbitration Agreement.

h. I did not tell Ms. Ragone that there was a time limit for her review or execution of the Arbitration Agreement.

---

[1] The other personnel documents included with Exhibit A have been redacted to omit Ms. Ragone's Social Security Number, Driver's License Number, and salary information.

      i. I did not tell Ms. Ragone that she could not review the Arbitration Agreement before she executed it.

4. On February 22, 2005, I personally observed Ms. Ragone review and execute the Arbitration Agreement and the other personnel documents included with Exhibit A.

5. After Ms. Ragone executed the Arbitration Agreement and the other personnel documents included with Exhibit A, each of those documents were made part of a personnel file created on Ms. Ragone. I maintained that personnel file until November 1, 2006, at which time that that personnel file was provided to the Human Resources Department of Atlantic Video located in Washington, D.C.

6. Immediately prior to executing this Affidavit, I reviewed the personnel file on Ms. Ragone that I provided to the Human Resources Department of Atlantic Video located in Washington, D.C. Included in that file is the original Arbitration Agreement and the original personnel documents included with Exhibit A, all of which Ms. Ragone executed in my presence. The Arbitration Agreement attached hereto is a true and accurate copy of that original Arbitration Agreement, and the other personnel documents included with Exhibit A are true and accurate copies of those original documents.[2]

7. Ms. Ragone's Arbitration Agreement is not and was not a "draft" – but did and does have computer edits on the top of the document.

[2] The other personnel documents included with Exhibit A have been redacted to omit Ms. Ragone's Social Security Number, Driver's License Number, and salary information.

I declare under penalty of perjury that the foregoing is true and correct based upon my personal knowledge.

FURTHER AFFIANT SAYETH NAUGHT.

Edward R. "Ted" Nelson

Subscribed and sworn to before me this 13th day of November, 2007.

Notary Public

Charlene D. Laumer
Notary Public, District of Columbia
My Commission Expires 03-14-2008

My commission expires: ____

[SEAL]

181658-1

 ATLANTIC VIDEO INC

Deleted: <sp>

Formatted: Bottom: 0"

Deleted: ¶ MCP –

**_Atlantic Video, Inc._**
**_Arbitration Agreement_**

In consideration and as a condition of my employment or continued employment at MCP – AV, Inc. (the "Company"), I, [signature], the undersigned, understand, acknowledge, and agree to the following provisions pertaining to the Company's dispute resolution procedure (the "Procedure"). I further understand, agree, and acknowledge that these provisions shall apply from my first date of hire and shall include every day thereafter in which I have worked for the Company and continue after my separation from the Company, should a dispute arise related to my employment relationship with the Company.

1. I shall submit to the American Arbitration Association ("AAA") for final and binding arbitration by one arbitrator under the AAA's Employment Arbitration Rules (as modified), any and all claims or controversies arising out of my employment or its termination including, but not limited to, claims concerning discipline and discharge; claims for breach of any contract or covenant, whether express or implied; tort claims; claims for discrimination (including, but not limited to, race, color, sex, sexual orientation or preference, religion, national origin, age, marital status); claims of sexual harassment; and claims for violation of any federal, state, or local government law, statute, regulation, and/or ordinance. The foregoing claims are hereinafter collectively referred to as ("Claims").
2. I understand and agree that statutory disputes shall be resolved in accordance with AAA's *Due Process Protocol for Arbitration of Statutory Disputes Arising Out of the Employment Relationship.* These procedures assure procedural fairness. I also understand that I may inquire into the employment history of the arbitrator to assure that he or she is not biased and that I have the right to discovery procedures that are sufficient to permit either party a fair opportunity to present their claims. I further understand, acknowledge, and agree that this Agreement shall be construed and enforced in accordance with the laws of the State of New York, without regard to principles of conflicts of law. I understand, acknowledge, and agree that sole and exclusive jurisdiction and venue of any action arising hereunder shall be in the AAA and any ruling made by AAA or the Arbitrator shall be binding and non-appealable.
3. I understand and agree that the Procedure neither covers, nor prohibits from being raised in other judicial forums, claims that I may have for Workers' Compensation and/or unemployment compensation benefits, and/or that the Company may have for injunctive relief for unfair trade practices and/or disclosure of confidential Company information and/or trade secrets. Moreover, I understand that I am not prohibited from filing a charge with a federal or state agency that regulates employment practices, such as the Equal Employment Opportunity Commission.
4. I understand, acknowledge, and agree that I must submit my written arbitration demand to AAA at its New York offices no later than ninety (90) calendar days after my claim arises or it will be conclusively resolved against me even if there is a statute of limitations that may have given me more time.
5. I understand, acknowledge, and agree that this Procedure bars litigation in any court for any claim that may be arbitrated under the Procedure. I knowingly waive any and all rights to trial by jury or judge of any claim either expressly or impliedly referenced in this Agreement.
6. In the event that any court determines for any reason that the Procedure is not binding or otherwise allows any litigation regarding a claim or portion thereof covered by the Procedure to go forward, I agree that (a) the court proceeding must be commenced no later than six (6) months after the earlier of the termination of my employment at the Company or the date that my claim arose; (b) I expressly waive all rights to a trial by jury in any such litigation; and (c) I understand, acknowledge, and agree that any and all discovery engaged in by the parties to the court proceeding shall be limited to one deposition and one set of thirty-five (35) interrogatories with no sub-parts.
7. In the event that any provision of this Agreement, or the application of such provision shall be held by a court of competent jurisdiction to be contrary to law, the remaining provisions of the Agreement shall remain in full force and effect. If any provisions regarding discovery or the time to make a demand for arbitration of claims either expressly or impliedly is deemed unenforceable, then such provision shall be modified automatically such that it comports with the applicable federal and/or New York law.
8. This Agreement sets forth the final and entire agreement between employee and the Company with respect to the Company's dispute resolution and arbitration procedure, and no representation, promise, agreements, or understanding, written or oral, not herein contained shall be of any force or effect. No change, modification, or waiver of any provision of this Agreement, except as specifically allowed for herein shall be valid unless the same is in writing and signed by the parties hereto.
9. I understand, acknowledge, and agree that in the event that I initiate arbitration hereunder, and/or challenge the validity of this Agreement, the prevailing party shall be entitled to all reasonable costs and outside and in-house attorney's fees arising from said action.

I have had an opportunity to read, and have read the foregoing provisions to this Agreement and have had an opportunity to get satisfactory answers to my questions about any of the foregoing information.

[signature] Date 2-22-05

Employee's Signature

Employee's Name (Typed or Printed) Rita Ragone

EXHIBIT

A

tabbies

Form **W-9**
(Rev. January 2003)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer Identification Number and Certification

Give form to the requester. Do not send to the IRS.

Print or type
See Specific Instructions on page 2.

Name Rita Reaqoue

Business name, if different from above

Check appropriate box: ☑ Individual/Sole proprietor ☐ Corporation ☐ Partnership ☐ Other ▶ ☐ Exempt from backup withholding

Address (number, street, and apt. or suite no.) 735 Mace Ave F17

Requester's name and address (optional)

City, state, and ZIP code Bronx N.Y 10467

List account number(s) here (optional)

**Part I Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 3.

*Note: If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.*

Social security number REDACTED

or

Employer identification number

**Part II Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. person (including a U.S. resident alien).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 4.)

**Sign Here** Signature of U.S. person ▶ [signature] Date ▶ 2/1/05

## Purpose of Form

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

**U.S. person.** Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

*Note: If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*

**Foreign person.** If you are a foreign person, use the appropriate Form W-8 (see Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the recipient has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.


ATLANTIC VIDEO INC

## BACKGROUND INVESTIGATION CONSENT

I, Rita Ragone, hereby authorize MCP-AV, Inc. doing business as Atlantic Video, Inc. and/or its agents to make an independent investigation of my background, references, character, past employment, education, credit history, criminal or police records, including those maintained by both public and private organizations and all public records for the purpose of confirming the information contained on my Application and/or obtaining other information which may be material to my qualifications for employment now and, if applicable, during the tenure of my employment with Company.

I release Atlantic Video, Inc. and/or its agents and any person or entity, which provides information pursuant to this authorization, from any and all liabilities, claims or law suits in regards to the information obtained from any and all of the above referenced sources used.

The following is my true and complete legal name and all information is true and correct to the best of my knowledge:

***Please type or print the requested information below.***

| | |
|---|---|
| Full Legal Name | Rita Ragone |
| Maiden Name or Other Names Used | |
| Present Address | 735 Mace Ave F17 |
| City, State & Zip | Bronx NY 10467 |
| How Long at Present Address? | 18 yrs |
| Former Address | |
| City, State & Zip | |
| How Long at Former Address? | |
| Date of Birth | 3/11/75 |
| Social Security Number | REDACTED |
| Driver's License Number | |
| Licensing State? | NY |

Signature: [signature] Date: ______

*NOTE: The above information is required for identification purposes only, and is in no manner used as qualifications for employment. **Atlantic Video, Inc.** is an equal opportunity employer and it does not discriminate on the basis of sex, race, religion, age (40 and over), handicap or national origin.*

An Equal Opportunity Employer

*[Page contains a Payroll Maintenance Form, rotated 90°. Transcribed in reading order:]*

**ATLANTIC VIDEO AT THE MANHATTAN CENTER** A DBA OF MDP-AV, INC.

# Payroll Maintenance Form

Stork 2/28/05

26.4423

**Employee Number:** 0 1 0

**Employee Name:** RITA RAGONE

**Please Mark Only One Box:** ☐ New  ☒ Change  ☐ Transfer  ☐ Termination

**Employee Full Name (Last, First, Middle – New Hires/Name Changes As It Appears On Social Security Card):** RITA RAGONE

**Street Address/P.O. Box:** 55 Mace Ave #F17

**City:** Bronx    **State:** NY    **Zip Code:** 10467

**Social Security Number:** [REDACTED]    **Sex:** F    **Marital:** S    **Birth Date:** 3/11/73    **Area Code & Phone Number:**

**Today's Date:** 02-22-2005    **Office Location:** NY    **Department:** PRODUCTION    **If New, Replacement For:**

**Pay Cycle:** ___    **Temporary** ___    **Part-Time** ___    **Full-Time** X    **Timesheet Required:** YES    **Scheduled Hours:** 40    **Hire Date:** 2/28/01

**Rate & Job Information:**
**Rate Type:** ANNUAL    **Amount:** [REDACTED]    **Est. Paycheck:** ___    **Effective Date:** 02-28-2005    **Promotion Date:** 02-28-2005    **Job Code & Title:**

**Transfer Information:**
**From Office Location:** ___    **To Office Location:** ___

**Termination Information:**
**Date Last Worked:** ___    **Termination Date:** ___

**Other Comments:**

**Employee Approval:** [signature]    **Date:** 2-22-05
**Supervisor/Mgr:** [signature]    **Date:** 2/22/2005    **Department Head:** ___    **Date:** ___    **Code:** ___
**President's Approval:** ___    **Date:** ___    **Human Resources:** ___    **Date:** ___

AV PMF Revised 7/02

REDACTED



February 22, 2005

Rita Ragone

Dear Ms. Ragone:

Congratulations on your position with MCP - AV, Inc. This letter and the attached Arbitration Agreement, Non-Compete and Confidentiality Agreement serves as MCP - AV's (the "Company") formal job offer for the full-time position indicated below.

**COMMENCEMENT DATE:** February 28, 2005

**INITIAL ASSIGNMENT:** Your initial assignment will be as *Make up Artist* principally reporting to *Ted Nelson (or other designated manager)*, and you will work under his principal direction to perform the duties that are more fully described in the attached job description(s). Your assignments and work schedule are subject to change from day-to-day in order to meet the needs of the Company and its clients. This means that you may be occasionally required to work long days or on the weekends when client needs dictate. Such changes are at the sole discretion of the Company. Notwithstanding the foregoing, the Company emphasizes a team spirit and expects all its personnel to be proactive in contributing to the fulfillment of the Company's overall operations.

**COMPENSATION:** This full-time position is an exempt position. This position is compensated on a salary basis. Your base salary will be                           annualized, but paid on a biweekly basis in the amount of                 . The biweekly pay is based on the annual gross salary of $            for this position, divided by 26 pay periods per year.

You will be paid on a biweekly basis and your department will dispense your paycheck every other Friday. Applicable payroll deductions as required by local, state and federal law will be withheld from your paycheck, along with any voluntary deductions that you authorize. *Please Note: It is against Company policy to discuss your employment terms, including compensation, with other employees at any time during your tenure as an employee.*

**BENEFITS:** As a regular, full-time employee, you will be eligible to participate in the Company benefits as follows:

A. **February 28, 2005** – Educational Assistance, Only At The Sole Discretion And Approval Of The Company And Your Department Head; Short-Term Disability; Worker's Compensation; Metrocheks; Paid Holidays; Bereavement Leave; Time Off To Vote; Jury Duty; Eligible To Accrue Sick/Personal And Vacation Leave (Not Eligible To Use Vacation Until 180 Days Of Service Has Been Satisfied)

B. **May 30, 2005** – Medical And Dental Insurance; Term Life Insurance; Long-Term Disability Insurance; AFLAC Supplemental Insurance

C. **August 30, 2005** – 401(K) Plan; Eligible To Use Accrued Vacation Leave

Although you are eligible for leave benefits, the Company may establish black-out periods during political seasons for which you MAY NOT take leave (see AV's BlackOut Period Policy); however, annual leave requests during all other times will be granted on a first-come, first-serve basis. Please note that the Company reserves the right to change or terminate its benefits package at any time and at its sole discretion.

**ACCEPTANCE OF OFFER:** In accepting our offer, you agree that this position is for no set term and that *our employment relationship is strictly voluntary and 'At-Will' on both sides.* Consequently, either

REDACTED

party may terminate the relationship at any time, with or without notice, with or without cause or reason. Your signature at the end of this letter also confirms your understanding that this letter contains our complete agreement regarding the terms and conditions of your employment. ***This letter is not a contract and is not to be construed as such.***

Regardless of any future changes in your job title, responsibilities, salary, benefits or Company policies or practices, our voluntary 'At-Will' relationship will not change. Keep in mind that your work ethic and attitude, as well as your technical, creative and operational performance as observed by management, your co-workers and our clients will be evaluated periodically pursuant to MCP – AV's policies.

To accept this offer, please sign this letter and the Arbitration Agreement and return all paperwork to me. A copy of all official documents bearing your signature will be delivered to you on your first day of work.

We look forward to working with you and hope that you find working in your new position with MCP - AV enjoyable and professionally rewarding.

Sincerely,

Todd Mason
President

Attachments: Arbitration Agreement
Background Investigation Consent

---

I accept this offer of employment with MCP - AV, Inc. and agree to the terms and conditions outlined in this letter.

Signature of New Employee

2-22-05
Date