Empire State Building
Suite 3304
New York, NY 10118
Telephone: (212) 268-7535
Facsimile: (212) 268-4965
bktc@bktc.net
www.bktc.net

# BONNER KIERNAN TREBACH & CROCIATA, LLP

Connecticut
Maryland
Massachusetts
New Jersey
New York
Pennsylvania
Rhode Island
Virginia
Washington, DC

May 13, 2008

Honorable John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl St., Room 1030
New York, NY 10007

> Re: *Rita Ragone v. Atlantic Video, Inc., et al.*
> United States District Court for the Southern District of New York
> Civil Action No.: 07:CV:6084 (JGK)

Dear Judge Koeltl:

Pursuant to the Court's request, this letter is provided in further support of Defendant Atlantic Video, Inc.'s ("AVI") Motion to Dismiss the Complaint and to Compel Arbitration ("Motion"). During a hearing conducted before Your Honor on May 8, 2008, the Court requested that the parties address the issue of whether New York state law or Second Circuit/Federal law should govern the Court's decision on AVI's Motion and ESPN's Motion to Dismiss the Complaint and to Compel Arbitration. Accordingly, AVI respectfully submits the following:

**QUESTION PRESENTED:**

What law should the Court apply in determining whether to compel arbitration in light of the parties' choice-of-law provision in the Arbitration Agreement?

**ANSWER:**

The Court should apply New York state law in this instance. Additionally, regardless of whether the choice of law is New York state law or Federal law, Plaintiff should be compelled to arbitrate her claims in this action.

**ANALYSIS:**

The Arbitration Agreement at issue provides that "this Agreement shall be *construed* and *enforced* in accordance with the laws of the *State of New York*, without regard to principles of conflicts of law." (See Arbitration Agreement, ¶ 2)(emphasis added).[1]

As an initial matter, the existence of a valid agreement to arbitrate "is determined by state law principles governing the formation of contracts." *Colorado-Arkansas-Texas Distributing, L.L.C. v. American Eagle Food Products, Inc.*, 525 F.Supp.2d 428, 434 (S.D.N.Y. 2007) (citing *Shaw Group Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003) and *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)). A party challenging the existence or validity of an agreement to arbitrate, therefore, may assert "generally applicable contract defenses, such as fraud, duress, or unconscionability . . . without contravening § 2" of the FAA. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996); *accord Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 365 (2d Cir. 2003). Accordingly, state law should be consulted "if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Chelsea Square Textiles, Inc. v. Bombay Dyeing & Mfg. Co.*, 189 F.3d 289, 296 (2d Cir. 1999) (quoting *Perry v. Thomas*, 482 U.S. 483, 492 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987)). In that manner, § 2 of the FAA "preserves general principles of state contract law as rules of decision on whether the parties have entered into an agreement to arbitrate." *Chelsea Square Textiles*, 189 F.3d at 296 (citations omitted). As previously argued, AVI's arbitration agreement with Plaintiff is facially valid.

"If the parties arbitration agreement contains a choice of law clause providing that the law of a particular state will govern their arbitration, the parties choice will be given effect if to do so will not conflict with the policies underlying the FAA; otherwise the FAA applies. *Roberts v. Finger*, 15 Misc.3d 1118(A), 2007 WL 1093487, at *6 (N.Y. Sup. Ct. 2007) (quoting *Salvano v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 85 N.Y.2d 173, 180 (1995)); *see also SDD99, Inc. v. ASA Int'l*, 2007 WL 952046, *8 (W.D.N.Y. March 29, 2007) (explaining that "[o]f course, enforcement of a choice-of-law provision remains subject to federal preemption 'to the extent that it actually conflicts with federal law – that is, to the extent that it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" (emphasis added)); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 51 (2nd Cir. 2004) ("But where the parties have chosen the governing body of law, honoring their choice is necessary to ensure uniform interpretation and enforcement of that agreement and to avoid forum shopping. ... Furthermore, respecting the parties' choice of law is fully consistent with the purposes of the FAA.").[2]

---

[1] Paragraph 2 also provides that the "sole and exclusive jurisdiction and venue of any action arising hereunder shall be in the AAA..." (Arbitration Agreement, ¶ 2.)

[2] The Fourth Circuit Court of Appeals' analysis of this issue is instructive here:

> In deciding whether a party may be compelled to arbitrate a dispute, we "apply ordinary state law principles that govern the formation of contracts," and "the federal substantive law of arbitrability." In other words, state law determines questions concerning the validity, revocability, or enforceability of contracts generally, but the Federal Arbitration Act creates a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.

BONNER
KIERNAN
TREBACH &
CROCIATA, LLP

191857-1

As a matter of background, in *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 (1989), the United States Supreme Court held that "[i]nterpreting a choice-of-law clause to make applicable state rules governing the conduct of arbitration – rules which are manifestly designed to encourage resort to the arbitral process – simply does not offend the rule of liberal construction … nor does it offend any other policy embodied in the FAA." In *Volt*, the Court reasoned that "[t]he FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration," but cautioned that "state law may nevertheless be pre-empted to the extent that it actually conflicts with federal law." *Id.* at 477. Accordingly, with respect to the case *sub judice*, the parties' choice-of-law provision requiring the application of New York state law should be given effect so long as New York state law does not conflict with the policies underlying the FAA. *See id; Roberts*, 15 Misc.3d 1118(A), 2007 WL 1093487 at *6. In this case, AVI submits that no such conflict exists.

Consistent with the FAA, "it is firmly established that the public policy of New York State favors and encourages arbitration …." *Valdes*, 292 F. Supp. 2d at 530. In fact, New York statutory law provides that

> A written agreement to submit any controversy thereafter arising or any existing controversy to arbitration is enforceable without regard to the justiciable character of the controversy and confers jurisdiction on the courts of the state to enforce it and to enter judgment on an award. In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute. CPLR § 7501.

Moreover, like Section 4 of the FAA, New York state law also provides that "[a] party aggrieved by the failure of another to arbitrate may apply for an order compelling arbitration. Where there is no substantial question whether a valid agreement was made or complied with, and the claim sought to be arbitrated is not barred by limitation … the court shall direct the parties to arbitrate."[3] CPLR § 7503. In determining a motion to compel arbitration, New York state courts may look at: "(1) whether the parties made a valid agreement to arbitrate; (2) if so, whether the agreement has been complied with; and (3) whether the claim sough to be arbitrated would be time-barred if it were asserted in State court." *Smith Barney, Harris Upham & Co. v. Luckie*, 85 N.Y.2d 193, 623 N.Y.S.2d 800, 805, 647 N.E.2d 1308 (1995).

Read together, the provisions of the New York Act reflect as liberal a policy favoring arbitration as do the provisions of the FAA. For that reason, an order compelling arbitration would be appropriate under the FAA and under the New York Act. *See SDD99*, 2007 WL 952046, *10 (granting the defendant's motion to compel arbitration, regardless of the parties' choice-of-law provision, where the court found that if the state law were applied rather than

---

*R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n*, 384 F.3d 157, 160 n. 1 (4th Cir. 2004)(internal quotation marks and citations omitted).
[3] While AVI recognizes that Plaintiff contests whether a valid arbitration agreement was made here, AVI submits that the parties' choice of New York law should govern the question of validity as well.

BONNER
KIERNAN
TREBACH &
CROCIATA, LLP

191857-1

federal law, the outcome would be no different).  Moreover, if the Court finds that New York law conflicts with the policies of the FAA, then the FAA applies, and for reasons AVI previously submitted to this Court, an order compelling arbitration would be appropriate.

Based on the foregoing, AVI submits that Plaintiff cannot avoid arbitration of her claims regardless of whether Federal law or New York state law is applied in deciding AVI's pending motion.

Respectfully submitted,

Kenneth A. Schoen KS-7180

Counsel for Defendant Atlantic Video, Inc.

cc:    David Zatuchni, Esq.
       Kathleen M. McKenna, Esq.
       Alan S. Block, Esq.
       Edward J. Milligan