# zatuchni & associates

New York    Newark

Attorneys At Law

Zatuchni & Associates, LLC
2 Research Way
3rd Floor East
Princeton, New Jersey 08540
Tel 609 243-0300
Fax 609 243-0333
www.zatuchniassociates.com

Writer's Email
davidz@zatuchniassociates.com

May 29, 2008

Hon. John G. Koeltl, USDCJ
Southern District Court of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1030
New York, NY 10007
**Via ECF and Facsimile - (212) 805-7912**

> *[Handwritten order:]* 1. The parties are permitted to introduce expert testimony. Expert reports should be exchanged in advance of the hearing. The originals of the documents should be made available to the plaintiff for expert review.
>
> 2. The hearing is adjourned to June 19, 2008 at 2:30 P.M.
>
> So ordered.
>
> /s/ JGKoeltl
> U.S.D.J.
> 5/30/08

Re:   Ragone v. Atlantic Video, Inc., et al
      Civil Action No. 07-CV-6084

Dear Judge Koeltl

This office represents Plaintiff Rita Ragone in the above matter.

Pursuant to Your Honors instructions at oral argument on May 8, 2008 on Defendants' Motions to Dismiss and Compel Arbitration, we are currently scheduled for an evidentiary hearing on June 4, 2008 as to the genuineness of Ms. Ragone's purported signature on the Arbitration Agreement document at issue.

My clear understanding of Your Honor's instructions at the oral argument was that this was to be a *limited* and short evidentiary hearing consisting of the witnesses that had provided affidavits on the issue, i.e. Ms. Ragone who provided an affidavit denying that she signed the Arbitration Agreement, and Ted Nelson who provided a reply affidavit on behalf of Defendant that he personally witnessed Ms. Ragone sign the document.

Yesterday evening I received an email from counsel for Defendant Atlantic Video advising that Defendant intended to place on the stand next Wednesday a document expert named Peter V. Tytell. Counsel's email attached Mr. Tytell's CV and copies of certain documents that Mr. Tytell reviewed in rendering an expert opinion. Most of these documents reviewed by Mr. Tytell had not yet been produced to us in this matter, and we have yet had access to any of the originals of any of these documents. No actual expert report was provided.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/08

# zatuchni & associates
Attorneys At Law

Hon. John G. Koeltl, USDCJ
May 29, 2008
Page 2 of 3

      I immediately wrote back to Defendant's counsel advising of my strenuous objection to any testimony by any expert on June 4th. At oral argument before Your Honor, the only witnesses mentioned for the limited evidentiary hearing were Ms. Ragone and Mr. Nelson. There was absolutely no discussion or indication that expert testimony would be permitted. If I had for a moment believed that such testimony would be permitted, I would certainly have retained the services of my own expert for the hearing. I advised Atlantic Video's counsel that I would seek to preclude such testimony, or in the alternative, request additional time to obtain expert testimony on behalf of Ms. Ragone.

      Defendant's counsel responded that there was no limitation placed on their right to present expert testimony and that they intend to call Mr. Tytell. Defendant, however, did consent to adjourning the evidentiary hearing to another date that is mutually available for all parties in order to provide myself additional time to obtain the services of an expert.

      As Your Honor may recall, in our Opposition papers, we specifically *requested* the right to obtain expert discovery as to the genuineness of Ms. Ragone's purported signature, which Defendants *opposed*. As we pointed out then, and which is still true, we have *still* not had any access to inspection of the Arbitration Agreement with Ms. Ragone's purported **original** signature, which is critical to any expert evaluation on our part.

      Accordingly, in consonance with my good faith understanding of Your Honor's instructions with respect to the June 4th hearing, I request that Atlantic Video be precluded from calling an expert. If Your Honor is inclined to allow expert testimony, with the consent of Atlantic Video, I respectfully request that the June 4th hearing be adjourned to another mutually convenient date in order to allow Plaintiff to likewise retain the services of a document expert. In conjunction with this request, I ask that Atlantic Video be ordered to make the original of the Arbitration Agreement available for inspection in New York, and also the other documents relied upon by Mr. Tytell.

# zatuchni & associates
Attorneys At Law

Hon. John G. Koeltl, USDCJ
May 29, 2008
Page 3 of 3

I thank Your Honor for your attention to this matter.

Respectfully yours,

David Zatuchni, Esq.

Cc: Kathleen M. McKenna, Esq. (via facsimile 212-969-2900)
Alan S. Block, Esq. (via facsimile 202-712-7100)